**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| JOSIAH LUMUMBA BOYD,<br><br>Plaintiff,<br><br>v.<br><br>JAMES MILBURN, MICHAEL BRYANT, in their individual and official capacities,<br><br>Defendants. | Case No. 1:26-cv-00002-SLG-MMS |

## ORDER DISMISSING ACTION

On January 12, 2026, self-represented prisoner Josiah Lumumba Boyd ("Plaintiff") filed a civil complaint, a civil cover sheet, and an application to waive prepayment of the filing fee.[1] The case was referred to the Honorable Magistrate Judge Matthew M. Scoble.[2] On June 1, 2026, Plaintiff filed a First Amended Complaint.[3]

At Docket 10, Judge Scoble issued his Report and Recommendation to Dismiss & Notice Strike, in which he recommended that this action be dismissed without leave to amend, the dismissal count as a strike, and any pending motions be denied as moot.

---

[1] Dockets 1-3

[2] Docket 6

[3] Docket 8

At Docket 11, Plaintiff filed a motion to voluntarily withdraw his amended complaint, but at Docket 12, he filed a Notice to the Court that he had filed the motion to withdraw in error and that he objects to the Report and Recommendation. Accordingly, the motion at Docket 11 is DENIED as moot.

Plaintiff filed objections to the Report and Recommendation at Dockets 13 and 14. Plaintiff maintains he is subject to Indiana law while incarcerated in Alaska, and is thereby entitled to receive emails through a tablet along with entitled to possess other items available to Indiana inmates.[4] He cites to the Indiana Interstate Corrections Compact, Indiana Code 11-8-4 and 11-8-4-6 in support of this assertion.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[5] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[6] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[7]

---

[4] *See, e.g.,* Docket 9 at 2.

[5] 28 U.S.C. § 636(b)(1).

[6] *Id.*

[7] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114,

The Court has reviewed the Report and Recommendation and on de novo review agrees with its analysis. Plaintiff is incorrect that Indiana's conditions of confinement apply to Plaintiff when he is incarcerated in Alaska. Specifically, Indiana Code Sec. 11-8-4-8 provides that inmates who are transferred to another state to serve their sentence "shall be treated equally with such similar inmates of the receiving state as may be confined in the same institution."[8] Here, Alaska is the receiving state and Plaintiff does not allege that he is being treated differently from the Alaska inmates at Spring Creek. *See Ghana v. Pearce*, 159 F.3d 1206, 1209 (9th Cir. 1998) (holding that the Interstate Corrections Compact "cannot be the basis for a section 1983 action" and "does not create a liberty interest protected by the Fourteenth Amendment"). Accordingly, the Court adopts the Report and Recommendation in its entirety, and IT IS ORDERED that Plaintiff's action is DISMISSED without leave to amend, this dismissal counts as a STRIKE, and all pending motions are DENIED as moot.

The Clerk of Court shall enter a final judgment accordingly.

IT IS SO ORDERED this 4th day of November 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

1121 (9th Cir. 2003).

[8] *See also* Alaska Stat. 33.36.010—.040.